| | |
|---|---|
| Egan & Golden LLP<br>Lewis W. Siegel, Of Counsel<br>275 Madison Avenue - Suite 617<br>New York, NY 10016<br>(212) 286-0010<br><br>Attorneys for Lisa Lombardi | Presentment Date<br>**November 12, 2019 @ noon**<br><br>Objection Deadline<br>November 5, 2019 @ 11:30 am |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re

Lisa Lombardi                                    Chapter 7 Case
aka Lisa Lane                                    No. 10-78358 (AST)
             Debtor.
------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF PROPOSED ORDER
### REOPENING CHAPTER 7 CASE AND
### AVOIDING THE JUDICIAL LIEN OF KEY BANK

PLEASE TAKE NOTICE that annexed is a proposed order (the "Order"), reopening the Chapter 7 Case of Lisa Lombardi (aka Lisa Lane) and avoiding the judicial lien of Key Bank USA, N.A. pursuant to 11 U.S.C. §522(f).

PLEASE TAKE FURTHER NOTICE that, unless on or before by November 5, 2019, at 11:30 a.m. a written objection to the Order is served and filed with the Clerk of the Court, with proof of service filed, and courtesy copies are delivered to: (1) the undersigned Lewis W. Siegel, 275 Madison Avenue - Suite 617, New York NY 10016 or to LWS@LWSEsq.com; and (2) to the Chambers of the Honorable Alan S. Trust, United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722, there will not be a hearing to consider such Order, and the Order may be signed and entered by the Court.

PLEASE TAKE FURTHER NOTICE that, if a written objection is timely filed and served with respect to the Order a hearing (the "Hearing") will be held to consider such objection before the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722, on a date and time selected by the Court.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated:    New York, New York
October 11, 2019

                Egan & Golden LLP
                Attorneys for Debtor Lisa Lombardi

                /s/ Lewis W. Siegel
                _____
                Lewis W. Siegel, Of Counsel

                275 Madison Avenue - Suite 617
                New York, NY 10016
                (212) 286-0010

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**In re**

**Lisa Lombardi**
**aka Lisa Lane**
      **Debtor.**
------------------------------------------------------------x

**Chapter 7 Case**
**No. 10-78358 (AST)**

**PROPOSED ORDER**
**REOPENING CHAPTER 7 CASE AND**
**AVOIDING THE JUDICIAL LIEN OF KEY BANK**

Upon the Application (the "Application") of Lisa Lombardi ("Debtor"), by her attorneys, Egan & Golden LLP, for an order pursuant to §350(b) of the Bankruptcy Code (the "Code") reopening the Chapter 7 case of Debtor, and pursuant to §522(f) avoiding the judicial lien of Key Bank USA N.A. with respect to Debtor's real estate; and there being due and sufficient notice of the Application; and there being no opposition to the requested relief; and it appearing, upon due deliberation, that good and sufficient cause exists to grant the relief requested in the Application, it is hereby

ORDERED that the Chapter 7 case of Debtor is reopened; and

ORDERED, that the judicial lien of Key Bank USA N.A., as described on the annexed report, is declared void against Debtor's real estate at 10 Chestnut Lane, East Quogue, NY 11942 as it impairs the Debtor's Homestead Exemption, and

ORDERED, that the Suffolk County Clerk is directed to mark said lien as void; and

ORDERED, that thereafter the Clerk of this Bankruptcy Court is hereby directed to reclose this no asset Bankruptcy Case.

Dated: Central Islip, New York
   November  , 2019

              _____
              HONORABLE ALAN S. TRUST
              UNITED STATES BANKRUPTCY JUDGE



# Suffolk County Clerk's Office
## JUDGMENT - RETRIEVAL REPORT

09/11/2019  2:51:31 pm

**General Info for** Document Date: 2/9/2010    Seq #:  596    Doc Type: JUDGMENT

| INDEX # | D T PERFECTED | D T FILED | D T RECORDED | COURT | COUNTY | SHERIFF FEES | AMOUNT ($) | COST ($) | TOTAL ($) | REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|
| 09 48196 | 2/9/2010 1:11:00 AM | 2/9/2010 4:07:37 F | | SUP | SUFFOLK | 0 | 75,980.24 | 620.00 | 76600.24 | |

### Debtor Info

| Last Name | First Name | Type | Street # | Street name | Street Type | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| LANE | LISA | AKA | 10 | CHESTNUT | LANE | | | EAST QUOGUE | NY | 11942 |
| LOMBARDI | LISA | AKA | 10 | CHESTNUT | LANE | | | EAST QUOGUE | NY | 4620 |
| LANE LOMBARDI | LISA | AKA | 10 | CHESTNUT | LANE | | | EAST QUOGUE | NY | 11942 |
| MCLOUGHIN | LISA LANE | AKA | 10 | CHESTNUT | LANE | | | EAST QUOGUE | NY | 4620 |
| MCLOUGHLIN | LISA | | 10 | CHESTNUT | LANE | | | EAST QUOGUE | NY | 11942 |
| | | | | | | | | | | 4620 |

### Creditor Info

| Last Name | First Name | Type | Street # | Street name | Street Type | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| KEY BANK USA NATIONAL ASSOCIATION | | | 4910 | TIEDEMAN | ROAD | | | BROOKLYN | OH | 44144 |

### Attorney Info

| Name | Street # | Street name | Street type | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| ROSICKI ROSICKI & ASSOCIATES P C | 26 | HARVESTER | AVENUE | | | BATAVIA | NY | 14020 |



Exh-C-Judgment Report

Egan & Golden LLP
Lewis W. Siegel, Of Counsel
275 Madison Avenue - Suite 617
New York, NY 10016
(212) 286-0010

Attorneys for Lisa Lombardi

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re

**Lisa Lombardi**
**aka Lisa Lane**
                  Debtor.
-------------------------------------------------------------x

          Chapter 7 Case
          No. 10-78358 (AST)

**APPLICATION IN SUPPORT OF MOTION TO**
**REOPEN CHAPTER 7 CASE AND**
**AVOID THE JUDICIAL LIEN OF KEY BANK**

**TO THE HONORABLE ALAN S. TRUST,**
**UNITED STATES BANKRUPTCY JUDGE:**

       The application of Lisa Lombardi (the "Debtor"), by her attorneys Egan & Golden LLP by Lewis W. Siegel, Of Counsel, respectfully represents:

       1.     The Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on October 22, 2010 which opened the captioned case (the "Case")

       2.     The Case was assigned to the Honorable Alan S. Trust.

       3.     Neil H. Ackerman was appointed as Trustee in the Case.

       4.     On January 19, 2011, an order was entered by this court granting a discharge to Debtor and closing the Case.

       5.     Through this motion, Debtor requests that the court enter an order:

          (a)     reopening the Case; and

          (b)     avoiding the judicial lien of Key Bank USA, N.A. ("Key Bank") which impairs the Debtor's homestead exemption.

       6.     At the time of the filing of the Case, the Debtor and her spouse resided at, and were the co-owners of, the real property ("Debtor's Real Estate") located at 10 Chestnut Lane,

East Quogue, NY 11942. The ownership is, and since before the filing of the Case, has been as tenants by the entireties with her spouse.

7. At the time of the filing the bankruptcy petition, the Debtor's Real Estate was listed in Schedule A as having a fair market value of $520,000.00 and the outstanding mortgage (the "Real Estate Mortgage") on Debtor's Real Estate was listed as $467,032.00 in Schedules A and D.

8. Debtor desires to sell Debtor's Real Estate and in furtherance thereof has entered into a contract with an unrelated party to sell Debtor's Real Estate for $500,000. That contract price represents the fair market value of the Debtor's Real Estate, as Debtor has undertaken her best efforts to market and sell the property and Contract price represents the best offer received. A copy of the Contract is attached hereto as Exhibit "A".

9. The servicer of the Real Estate Mortgage is Bayview Loan Servicing, LLC ("Bayview"). Attached hereto as Exhibit "B" is a statement from Bayview showing that as of 8/2/2019 the principal balance on the Real Estate Mortgage is $457,888.15.

10. At the time of her bankruptcy filing, Debtor chose New York State Exemptions and Schedule C filed by Debtor claimed a New York State Homestead exemption of $52,968.00. No objection to any of Debtor's exemptions was ever filed.

11. On February 9, 2010, prior to the filing of the petition, the a judicial lien was filed against the Debtor by Key Bank. A copy of the judgement report from the Suffolk County Clerk is attached as Exhibit "C"

12. Bankruptcy Code Section 522(f) provides as follows:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)
> . . .
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
> (i) the lien;

                (ii) all other liens on the property; and
                (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.

13.     The value of Debtor's interest in Debtor's Real Estate at the time the case was filed was not more than $520,000 (the value set forth in Schedule A). As Debtor was only a co-owner, the value of her interest was actually less than $520,000.

14.     In the Debtor's Case, the sum of the judgment lien ($76,660.24) and all other liens on the property ($467,032.00) and the amount of the homestead exemption Debtor claimed ($52,968.00.00) exceeds the value of Debtor's interest in the Debtor's Real Estate, and impairs Debtor's exemption and the court should avoid the judgment lien pursuant to Bankruptcy Code §522(f).

## Jurisdiction and Venue

15.     The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (K)

16.     Venue in this district is proper pursuant to 28 U.S.C. §1408 and 1409.

17.     This proceeding has been initiated pursuant to Bankruptcy Code §350(b) and §522(f).

18.     Notice of this motion and the supporting papers have been served on the Trustee appointed in the Case when it was filed; the Office of the United States Trustee; and creditors in listed in the Schedules or that filed papers in the Case

## Waiver of Memorandum of Law

19.     Debtor respectfully requests a waiver of submission of a memorandum of law in connection with this Application as there are no novel or difficult legal issues presented herein.

WHEREFORE, Debtor prays that the court:

    (a)    grant the motion to reopen the Case;

    (b)    grant the motion pursuant to 11 USC 522(f) avoiding the lien

       filed against debtor; and

       (c)      grant such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              October 15, 2019

                                    Egan & Golden LLP
                                    Attorneys for Debtor Lisa Lombardi

                                    /s/ Lewis W. Siegel

                                  _____
                                  Lewis W. Siegel, Of Counsel

                                  275 Madison Avenue - Suite 617
                                  New York, NY 10016
                                  (212) 286-0010